STATE OF NEBRASKA EX REL. NEBRASKA STATE BAR ASSOCIATION, RELATOR, V. DAVID J. POWERS, RESPONDENT.
436 N.W.2d 201

Filed March 3, 1989. No. 87-815.

HASTINGS, C.J., BOSLAUGH, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

This is an original disciplinary proceeding against David J. Powers, an attorney admitted to practice law in Nebraska.

On September 14, 1988, formal charges for disciplinary action were filed with this court by the Nebraska State Bar

Association. The respondent in this action has never replied to any of the proceedings instituted against him, and as of this date his whereabouts remains unknown. Thus, the facts of this case are not in dispute.

On March 5, 1984, Powers was appointed personal representative of the estate of Cleora West. In his capacity as personal representative, respondent opened an account at FirsTier Bank, Lincoln, Nebraska, into which he deposited money belonging to the estate. At the same time, Powers had the right to deposit and withdraw money from a Havelock Bank account called the David J. Powers Trust Account. This account was the account into which Powers deposited money held in trust for his clients.

The formal charges filed by the Nebraska State Bar Association set forth four counts alleging violations of respondent's oath of office as an attorney as provided in Neb. Rev. Stat. § 7-104 (Reissue 1987). The first count alleges that on August 1, 1985, respondent drew a check for $500 upon the Cleora West estate and deposited the same amount into the Havelock Bank account. This money was then used by the respondent to pay his personal business expenses. In count II, it is alleged that on November 5, 1985, Powers deposited a check for $4,000 drawn on the Cleora West estate into the Havelock Bank account. Thereafter, respondent withdrew $3,724.39 of the amount previously deposited and converted it to his own personal use. Count III alleges that on March 31, 1986, Powers deposited $2,000 from the Cleora West estate into the Havelock Bank account and on the same date converted this money to his own use. Finally, count IV states that on April 4, 1986, Powers deposited $2,631.53 from the Cleora West estate into the Havelock Bank account and on the same date used the money to pay the medical bills of another client. As stated above, no communication has been made with the respondent, and his current whereabouts is unknown.

The above allegations, if true, constitute a violation of Powers' oath of office as an attorney as provided in § 7-104. Additionally, his conduct constitutes violations of the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102, Misconduct; Canon 7, DR 7-101, Representing a

Client Zealously; and Canon 9, DR 9-102, Preserving Identity of Funds and Property of a Client. After a careful review of the record, we find that there exists no issue of fact or law. Therefore, pursuant to Neb. Ct. R. of Discipline 4(A)(1) (rev. 1986), it is the order of this court that the respondent, David J. Powers, be, and hereby is, disbarred from the practice of law, effective immediately.

JUDGMENT OF DISBARMENT.

WHITE, J., not participating.